404 So.2d 519 (1981)
Meryl RABIDEAU
v.
Earl J. SCHMITT, Jr. and Travelers Insurance Company.
No. 11729.
Court of Appeal of Louisiana, Fourth Circuit.
September 8, 1981.
James G. Kambur, Preston G. Sutherland, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting Traveler's motion for summary judgment and dismissing it from the suit. From that judgment, plaintiff appeals.
On November 21, 1974, plaintiff found $2,400,000.00 (dollars) in Treasury bonds in a sock. He took the securities to an attorney, Earl J. Schmitt. Plaintiff says he hired the attorney in order to discover if a finder's fee was offered or if plaintiff was entitled to ownership of the securities. Schmitt took the securities and subsequently was convicted of theft of the securities.[1] Plaintiff brought the present malpractice action against Schmitt. Plaintiff's malpractice suit was consolidated with an action brought by Robert Werk, who claims ownership of the securities.
The malpractice carrier, Traveler's Insurance, filed a motion for summary judgment on the grounds that the theft was excluded from coverage under the following terms of the policy:
"This policy does not apply:
(a) to any dishonest, fraudulent, criminal or malicious act or omission of any insured, partner or employee ...."
Code of Civil Procedure Article 966 provides as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers *520 to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis supplied)
In the instant appeal, there is no factual dispute. Additionally, under a reading of the policy language cited above, theft is clearly not an insurable action. Accordingly, we conclude that the trial court did not err in granting summary judgment, dismissing the insurer from the suit.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] State of Louisiana v. Earl J. Schmitt, Jr., 354 So.2d 1339 (La.1978).